EUGENE D. DESANTIS, Appellant, v SEARS, ROEBUCK AND COMPANY, Respondent.

Third Department, June 29, 1989

APPEARANCES OF COUNSEL

*Michael J. Hutter* for appellant.

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander* *(Lisa Oppedisano* of counsel), and *Sheila M. Walsh* for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

On December 17, 1986 defendant advertised a Christmas sale in two Albany County newspapers. The advertisement stated that a sabre saw, which regularly sold for $59.95, would be on sale for $29.99 until December 20, 1986. There is no evidence that the advertisement contained a disclaimer as to the item's availability. On December 18, 1986, plaintiff went to defendant's store in the Town of Colonie, Albany County, to purchase a sabre saw as a Christmas gift for his brother. When plaintiff arrived he learned not only that defendant did not have any saws in stock, but that defendant had sold out of the saws prior to the commencement of the sale. Defendant offered plaintiff a rain check, which was refused.

Plaintiff, a lawyer, commenced this action for false advertising pursuant to General Business Law § 350-d in the Small Claims Part of Albany City Court. After plaintiff refused defendant's offer of a free saw, issue was joined and the matter proceeded to trial. At trial defendant, while conceding that at the time the sale commenced the sabre saw was not in stock at its Colonie store, introduced inventory data to show that an adequate quantity of sabre saws had been allocated to that store based on its past history for the month of December but that supply was depleted by an unusually high demand prior to commencement of the sale. Based on this unforeseen factor, defendant argued that its inventory planning was geared toward satisfying reasonably anticipated demand and

it should not be penalized for an unanticipated rise in demand before the sale period. City Court dismissed the claim and County Court affirmed. This appeal by plaintiff ensued.

Plaintiff has the burden of proving that the advertisement was misleading in a material respect and that he was injured (see, General Business Law § 350-a [1]; § 350-d [3]). The standard to be applied to determine whether an advertisement is misleading is not whether it is deceptive to the hypothetical reasonable person, but to "the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions" (Guggenheimer v Ginzburg, 43 NY2d 268, 273). Thus, relief may be provided to any person who has been injured by an advertisement which has the capacity to mislead.

Defendant's rationalization that the advertisement's failure to state explicitly that the item would be delivered during the sale was not misleading is belied by the fact that an ignorant, unthinking or credulous person relying on the advertisement, which bore the inducement "WRAP UP A BEAUTIFUL CHRISTMAS AT SEARS", would expect the items to be physically available at the discounted price until the end of the sale on December 20. The total unavailability of any sabre saws during the sale period at defendant's Colonie store or two other area stores rendered the advertisement materially misleading pursuant to General Business Law § 350-a (1). Clearly, defendant did not provide a sufficient quantity of the saws to meet the reasonably anticipated demand beyond the usual demand indicated by their annual December inventory reports. Contrary to defendant's argument, the reasonably anticipated demand must be calculated from the commencement of the sale rather than by defendant's delivery cycle or when the advertisement is presented to the news media (see, Matter of Pay Less Drug Stores Northwest, 87 FTC 1271), especially when the advertisement is directed at last-minute holiday shoppers. Demand cannot be subject to the vagaries of the inventory control practices of each separate store. We note that this finding will not expose a seller to liability for false advertising when an item is reasonably stocked at the commencement of a sale or promotion but then becomes sold out due to unanticipated demand or when the retailer makes an appropriate disclaimer in the advertisement.

Finally, in reaching the conclusion that the order appealed must be reversed, we are not unmindful that our review is limited to whether "substantial justice has not been

done between the parties according to the rules and principles of substantive law" (UJCA 1807), and, further, that a Small Claims Part decision must be clearly erroneous to be over-turned (see, Lockwood v Niagara Mohawk Power Corp., 112 AD2d 495, 496). The interpretation by Small Claims Part of City Court is clearly in error given the tenor of the advertise-ment, which made an overture to Christmas shoppers during a limited period immediately before the holiday. It remains for damages and any other appropriate relief to be assessed.

CASEY, WEISS, MERCURE and HARVEY, JJ., concur.

Order reversed, on the law, with costs, complaint reinstated and matter remitted to Small Claims Part of City Court of the City of Albany for further proceedings not inconsistent with this court's decision.