OPINION OF THE COURT
David B. Saxe, J.
This action stems from a dispute that arose between the plaintiff and Tourneau after she attempted to return a watch two days after the purchase. On or about May 27, 1987, plaintiff purchased from Tourneau an 18K (karat) gold and diamond Cartier watch for the price of $12,500, not including tax. Plaintiff charged this purchase on an American Express card. Two days later, plaintiffs chauffeur returned the watch in an envelope. She sought to obtain a refund of the purchase price, but was refused by Tourneau.
*988 American Express was notified of this dispute and on June 12, 1987 it sent to Tourneau a form letter requesting that Tourneau either issue a credit to plaintiff or explain why a credit was not due. In response, defendant Campanile, the director of stores for Tourneau, sent a letter dated June 19, 1987 to American Express explaining why defendant refused to accept the return of the watch. The letter stated, among other things, that “the transaction with Ms. Karen Holzberg was, on her part, a pretended, sham purchase. It is now clear that she actually intended to ‘borrow’ an expensive item of jewelry to wear and display, and she now seeks to escape responsibility for the purchase by claiming the right to return for full credit an altered and used item.” The letter further states that the plaintiff’s father “said that both wife and daughter frequently charged various items — presumably for temporary use — and returned them for refund without problem. He assumed, he said, that he could do the same with Tourneau. I told him that our policy of accepting merchandise in exchange within seven days of purchase does not and could not apply to an item that was either altered or worn, and that we could not comply with his request for a refund or credit.”
It is undisputed that at the time of the purchase, to accommodate the plaintiff so that she would be able to wear the watch, Tourneau altered the bracelet of the watch by shortening it so that it would fit the plaintiff’s wrist. It is also conceded that the plaintiff wore the watch home from the store as well as on the following day.
The complaint contains two causes of action. The first seeks damages pursuant to General Business Law § 218-a; the second claims defamation based upon the letter sent by Tourneau to American Express. The plaintiff now moves for leave to amend her complaint to include a claim for punitive damages; the defendants cross-move for summary judgment dismissing the complaint.
As to the first cause of action, plaintiff argues that Tourneau failed to post its refund policy in accordance with General Business Law § 218-a, and therefore is liable to her for the amount she paid for the watch. Pursuant to this statute, every retail merchant must conspicuously post its refund policy as to all merchandise offered to the public for sale, and where a merchant has failed to post such a notice it shall be liable to the buyer for a cash refund or a credit, at the buyer’s option, "provided that the merchandise has not *989 been used or damaged by the buyer" (General Business Law § 218-a [3] [emphasis added]).
The defendants contend that the plaintiff has failed to establish a prima facie case under General Business Law § 218-a to entitle her to recovery of the purchase price of the subject watch, because regardless of whether Tourneau had its refund policy displayed in a conspicuous manner, the subject watch was altered in character (i.e., the bracelet shortened) and used by the plaintiff for two days, and a claim under General Business Law § 218-a cannot lie.
It is an elementary principle of statutory construction that courts may only look behind the words of a statute when the law itself is doubtful or ambiguous (Johnson v Hudson Riv. R. R. Co., 49 NY 455, 462). Here, the terms of the statute are plain and there is nothing left for interpretation.
In its simplest form, the term "use” is defined as "to employ for the accomplishment of a purpose” (Funk & Wagnalls Standard Desk Dictionary [1979 ed]), or, in relation to property, the "enjoyment of property which consists in its employment” (Black’s Law Dictionary 1382 [5th ed 1979]). It is undisputed that plaintiff wore the watch for two days, employing its use for her own gratification, and I can only conclude that the watch was "used * * * by the buyer” as contemplated by subdivision (3) of section 218-a. Regardless of the fact that an issue has been raised of the posting of defendants’ refund policy, plaintiff cannot now look to the protection of section 218-a, since Tourneau’s alteration of the watch for the plaintiff and more importantly, her use of it for two days, precludes recovery under section 218-a.
Accordingly, that branch of the cross motion for summary judgment dismissing the first cause of action is granted.
In the second cause of action Holzberg alleges that the letter from Tourneau to American Express explaining Tourneau’s refusal to accept the watch is defamatory.
As the defendants contend, the letter from Tourneau to American Express is cloaked with a qualified privilege as it is a communication made by one party to another upon a subject in which they had a common interest (see, Friedman v Ergin, 110 AD2d 620, 621, affd 66 NY2d 645). That the letter was drafted by Silverman as Tourneau’s attorney rather than Campanile does not alter the applicability of the privilege. Indeed, since American Express solicited Tourneau’s explanation, it would be extremely unjust to deny Tourneau the *990 privilege. Moreover, while a qualified privilege may be overcome where the statements were made with actual malice— culpable recklessness or negligence (cf., Friedman v Ergin, supra), here the plaintiff has utterly failed to submit evidentiary materials creating any issue of fact as to the existence of malice. The plaintiff’s assertion that counsel for Tourneau did not adequately investigate the claim in no way supports a finding of malice, as plaintiff suggests. Nor does the submitted evidence support a conclusion of reckless disregard for the truth.
Accordingly, that branch of the cross motion for an order granting defendants’ summary judgment dismissing the second cause of action for defamation is granted.
In view of the foregoing, the plaintiff’s motion to amend the complaint is denied as moot.