OPINION OF THE COURT
Richard F. Braun, J.
Claimant purchased from defendant Devco Furniture Imports Ltd. (Devco), doing business as defendant Devco Shops, two Bombay commodes, with finishing, for $4,784.65. Claimant paid a $1,600 deposit, but nothing more toward the contract amount. Claimant sues for a refund of the deposit. Defendant Devco counterclaims in the amount of the Small Claims Part jurisdictional limit of $2,000 (CCA 1801, 1805 [c]) for breach of contract due to claimant’s failure to pay the balance of her bill. A trial was held before me in the Small Claims Part of this court on December 10, 1992.
Defendant Charlotte Jean Barbakow (Barbakow) is president and showroom manager of defendant Devco. She testified that defendant Devco made it clear to claimant that the furniture was custom-made and that defendant Devco has a no refund policy. Claimant did not dispute this at trial. Furthermore, defendant Devco had signs clearly posted in its store that informed its customers, including claimant, that it had a no refund policy. The May 30, 1990 purchase order for the subject furniture clearly states: "The above merchandise is being ordered subject to my specifications and is not subject to refund or return.” An earlier May 24, 1990 purchase order for the subject goods and other furniture was modified to the extent of the May 30, 1990 purchase order. This prior purchase order states: "This merchandise is being ordered to meet my specifications and is not subject to refund or return.” Such a no refund policy is legally permissible (subject to any statutory or contractual defenses, such as breach of express warranty, or of the implied warranties of merchantability or fitness for particular purpose), as long as proper disclosure thereof is made by conspicuously posted signs at certain locations in a retail premises. (See, General Business Law § 218-a [1].) A violation of this provision gives the purchaser the option of a cash refund or a credit, for a period of up to 20 days from the date of purchase. (See, General Business Law § 218-a [3]; cf., Holzberg v Tourneau, Inc., 147 Misc 2d 987, 989 [Sup Ct, NY County 1990, Saxe, J.] [no refund was due under said statute because the consumer used the merchandise for *658 two days].) Although it is not clear that the signs here were posted in the locations of defendant Devco’s store specified by the statute, there is no contention by claimant that she requested a refund within the limited 20-day period provided by the statutory enforcement mechanism. Such a demand is an essential element of claimant’s prima facie case under General Business Law § 218-a (3). Her failure to prove such a demand defeats her claim to the extent it might otherwise fall under such statute.
However, the analysis of claimant’s action against defendants does not end there. General Business Law § 396-u (2) provides that it shall be an unlawful practice for a furniture dealer to fail to disclose to a consumer conspicuously and in writing on the consumer’s copy of the contract for sale of furniture an estimated delivery date or range of delivery dates. Here, the 1990 purchase order gave the approximate date of delivery as three months "after receipt of fabric”.
In August 1990, claimant telephoned the store of defendant Devco, and was told that it was not known when the furniture would be delivered. Later in August 1990, claimant went to the store of defendant Devco and was told by defendant Barbakow that the furniture had not been received from Europe by defendant Devco. In September 1990, claimant went to defendant Devco’s store and was told that the furniture still had not been received. In October 1990, she again called defendant Devco’s shop, and was told that the furniture still had not been received. In November 1990, claimant told defendant Barbakow’s assistant that she did not want the furniture finished until someone from defendant Devco spoke with claimant because she was ill. Claimant became increasingly ill, and was away from her home from about January 19 through March 10, 1991. Upon her return in March 1991, claimant found two copies of a letter from defendant Barbakow on the stationery of defendant Devco Shops stating that unless the balance due under the contract was paid within 10 days of the date of the letter (one copy was dated Jan. 21, 1991, and the other Feb. 8, 1991), her deposit would be forfeited and the merchandise "disposed of’. In March 1991, claimant spoke with the same assistant of defendant Barbakow to whom claimant had spoken in November of 1990, and offered to pay storage charges for the furniture, but the assistant said that it was too late because the furniture had been sold. This was not so, because defendant Barbakow testified that, as of the date of trial, the furniture was in *659 storage in Manhattan (this is consistent with the May 30, 1990 purchase invoice given to claimant, which states that defendant Devco Shops "is not responsible for goods left 10 days after notification of completion. Merchandise will be transferred to storage and charged accordingly”).
General Business Law § 396-u (2) further provides that it is an unlawful practice for a furniture dealer to:
"b. Fail to deliver the furniture or major household appliance by the latest date stated for delivery, unless the affected consumer is notified:
"(1) of the delay and the revised anticipated delivery date or range of delivery dates; and
"(2) of the fact that, upon the expiration of the latest date stated for delivery in the original contract, such consumer shall have the option of:
"(a) canceling the contract and receiving full refund; or "(b) canceling the contract and receiving a credit from the dealer in an amount equal to any deposit made by the consumer; or
"(c) negotiating a new delivery date or range of delivery dates with the dealer which date or range of dates shall thereafter be the latest date stated for delivery in the contract for purposes of this subdivision; or
"(d) modifying the contract by making a new selection of furniture or major household appliance;
"c. In the event that the furniture or major household appliance has not been delivered by the latest date stated for delivery in the original contract, to fail to honor a consumer’s election from among the options described in subparagraph two of paragraph b of this subdivision;
"d. In the event that a consumer elects to cancel the contract and receive a refund, to fail to make a refund within two weeks of receiving a demand for such refund.”
Here, it is not certain when the fabric was received and thus from exactly what date the three months’ delivery period began to run. However, it is clear from the letter of defendant Barbakow that the furniture was ready for delivery at the latest on January 21, 1991, because the letter says that, if payment is not made, "the merchandise will be disposed of’. Defendant Devco is not responsible for the January 19 through March 10, 1991 period of nondelivery when claimant was away, because the nondelivery during that time was *660 caused by claimant. (See, General Business Law § 396-u [4].) However, given the testimony of defendant Barbakow that the furniture remained in storage until the date of trial, and the willingness of claimant to pay the storage fee in March of 1991, in order to make the furniture available for delivery to her, the time of defendant Devco to deliver the furniture within the three-month period disclosed in the contract has expired long ago. Thus, it is clear that defendant Devco violated General Business Law § 396-u (2) (b) by not notifying claimant of the reason for delay in delivery; not giving claimant a new anticipated delivery date; and not advising claimant of her statutory options to cancel the contract, negotiate a new delivery date, or modify the contract to choose alternative furniture.
General Business Law § 396-u (7) specifies that a consumer has a private right of action for a violation of General Business Law § 396-u, and that a consumer can collect the greater of three times her or his actual damages, or $100, plus reasonable attorney’s fees. Claimant testified that she no longer wants the goods, and is suing to receive a refund of her deposit. Claimant should have been given the option by defendant Devco of cancelling the contract and receiving a refund of her deposit at the time that the original delivery date was not met.
Therefore, claimant is entitled to a judgment against defendants Devco and Devco Shops, pursuant to CCA 1813 (a), in the amount of $1,600 (as claimant only seeks her actual damages); the counterclaim is dismissed with prejudice; and the claim is dismissed with prejudice against defendant Barbakow (no liability has been demonstrated against her individually).