OPINION OF THE COURT
Thomas A. Dickerson, J.
Her son was coming home and Kim Walker (Walker) wanted to furnish a room for him. She went to Winks Furniture (Winks) and was shown several pieces of furniture.

One-Week Delivery

Walker decided to purchase a "Captains Bed”, a "Bachelor’s Chest” and two other pieces. Walker made it clear, however, that her son’s return was imminent and the furniture must be delivered within one week. Winks salesman, Adam Dunefsky (Dunefsky), promised that the furniture would be delivered in one week. Relying upon this promise Walker ordered the furniture and paid Winks $794.56. In writing up the order Dunefsky failed to record the promised delivery date on the order form.

Walker Cancels The Order

Two weeks and several phone calls later, Winks had still not delivered the furniture. Walker canceled the order, demanded a full refund and purchased the needed furniture elsewhere.

The 20% Cancellation Penalty

Winks agreed to refund Walker’s payment but not without imposing a 20% cancellation penalty of $139.80. Winks justified this penalty on two grounds. First, Walker had signed the order form and above her signature were the words "custom order no cancellation”. Second, the signed order form also contained the following language: "No cash refunds. 20% of sale is forfeited upon cancellation of this order. Delays beyond *268 our control do not constitute right to cancel. Delivery dates are only approximate and are not binding to seller * * * This is a binding contract and can only be amended in writing with the approval of management.”
DISCUSSION
Based upon the foregoing the court finds that plaintiff has asserted the following causes of action: (1) rescission based upon a violation of General Business Law § 396-u (merchandise delivery dates), (2) rescission based upon (a) want of consideration, (b) failure of consideration, (c) unconscionability, and (d) misrepresentations, and (3) violation of General Business Law § 349 (deceptive and unfair business practices).

Furniture Store Frauds

In order to induce a sale, furniture and appliance store salesmen often misrepresent the quality, origin, price, terms of payment and delivery date of ordered merchandise (see, e.g., Gonsalves v Roma Furniture Co., 107 Misc 2d 186 [1980] [failure to deliver furniture for six years; punitive damages appropriate]; Latoni v Electronics Shop, NYLJ, Dec. 20, 1995, at 28, col 5 [Civ Ct, NY County] [refusal to deliver purchased merchandise]; May v Devco Shops, 156 Misc 2d 656 [1993] [failure to timely deliver furniture]; Rossi v 21st Century Concepts, 162 Misc 2d 932 [1994] [door-to-door salesman sells consumer several small pots costing nearly $200 each]; DeSantis v Sears, Roebuck & Co., 148 AD2d 36 [1989] [false ads about the availability and price of power saws]; Geismar v Abraham & Straus, 109 Misc 2d 495 [1981] [false ads about the price of dishes]; Williams v Bruno Appliance & Furniture Mart, 62 Ill App 3d 219, 19 Ill dec 537, 379 NE2d 52 [1978] [misrepresented price of sofa, loveseat and lounge chair; bait and switch scheme]).

Violation Of Merchandise Delivery Act

The sale and delivery of furniture and appliances in New York State is governed, in part, by General Business Law § 396-u (Merchandise Delivery Act) (see, e.g., May v Devco Shops, supra; Latoni v Electronics Shop, supra; Podhorecki v Lauer’s Furniture Stores, 184 AD2d 1066 [1992]). The purpose of the Merchandise Delivery Act is to protect consumers from unscrupulous retailers who misrepresent the delivery date of merchandise in order to induce a sale.
In this case Winks violated four separate provisions of the Merchandise Delivery Act. First, General Business Law *269 § 396-u (2) (a) required Winks to "disclose an estimated delivery date * * * conspicuously and in writing on the customer’s copy of the contract * * * at the time an order * * * is taken”. Although Dunefsky promised delivery within one week he failed to record this information on the order form in a box entitled "Delivery Date”. Second, General Business Law § 396-u (2) (b) required delivery "by the latest date stated for delivery” unless the consumer is advised of a new delivery date and given the opportunity of "canceling the contract and receiving full refund” (General Business Law § 396-u [2] [b] [2] [a]). Walker was neither advised of the delay and nor allowed to cancel the contract without the imposition of a 20% cancellation penalty. Third, General Business Law § 396-u (2) (c) required Winks to honor the consumer’s election to cancel the contract which Winks failed to do without imposing a 20% cancellation penalty. Fourth, General Business Law § 396-u (2) (d) required Winks to "make a refund within two weeks of receiving a demand for such refund”. Winks failed to refund Walker’s full contract price without imposing a 20% cancellation penalty.

The Disclaimers

Winks relies upon language in, its order form ("no cancellation * * *20% of sale is forfeited upon cancellation * * * Delivery dates are only approximate”) to insulate itself from liability. This exculpatory language is null and void and contrary to law since it circumvents the requirements of General Business Law •§ 396-u. This salutary statute provides consumers with much needed protection from overreaching disclaimers which seek to shield retailers from liability for the misrepresentations made by their salesmen.

Demand For Rescission

Notwithstanding the statutory right of rescission afforded plaintiff by General Business Law § 396-u, the Winks furniture contract should be rescinded based on the application of several common-law doctrines. Whether viewed as a want of consideration or a failure of consideration, it is clear that Walker failed to receive the furniture she had ordered by the delivery date promised (22 NY Jur 2d, Contracts, §§ 328, 439, 464).
Rescission may also be granted upon a showing of unconscionability (see, e.g., Latoni v Electronics Shop, supra [refusal to refund deposit unconscionable]; André v Pace Univ., 161 Misc 2d 613, 620-621 [1994] [unconscionable educational contracts]) *270 and misrepresentations (see, e.g., Rossi v 21st Century Concepts, supra, 162 Misc 2d, at 937 [misrepresented nutritional, medical and technical value of $200 pots]).
In this case the failure of Winks to deliver the ordered furniture within one week and the failure to refund 100% of Walker’s contract payment amounts to unconscionability and misrepresentations (see, e.g., Hertz Corp. v Attorney-General of State of N. Y., 136 Misc 2d 420, 424 [1987] ["The concept has been employed primarily in the area of consumer protection, in an attempt to deal with the ' "neverending stream of consumer gypsters and fraudulent operators” ’ ”]).

Violation of General Business Law § 349

General Business Law § 349 prohibits deceptive business practices and applies to retail sales of furniture and appliances (see, e.g., Geismar v Abraham & Straus, supra [dishes]; Rossi v 21st Century Concepts, supra [pots]; DeSantis v Sears, Roebuck & Co., 148 AD2d 36 [1989], supra [power saws]; Williams v Bruno Appliance & Furniture Mart, supra [sofa, loveseat and lounge chair]).
General Business Law § 349 is a broad, remedial statute (see, e.g., Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]; see also, Note, New York Creates a Private Right of Action to Combat Fraud: Caveat Venditor, 48 Brook L Rev 509, 553-572 [1982]) directed towards giving consumers a powerful remedy. The elements of a violation of General Business Law § 349 are (1) proof that the practice was deceptive or misleading in a material respect and (2) proof that plaintiff was injured (see, Givens, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 22-A, 1996 Pocket Part, at 166; McDonald v North Shore Yacht Sales, 134 Misc 2d 910 [1987]; Geismar v Abraham & Straus, supra; André v Pace Univ., supra). There is no requirement under General Business Law § 349 that plaintiff prove that defendant’s practices or acts were intentional, fraudulent or even reckless. Nor does plaintiff have to prove reliance upon defendant’s deceptive practices. In this case Winks’ promise to deliver Walker’s furniture within one week was false, deceptive and misleading. Winks has violated General Business Law § 349 and is liable to Walker for all damages permitted thereunder.
DAMAGES
The court awards the following damages to the plaintiff.
*271 First, damages will include the 20% cancellation penalty of $139.80 withheld by the defendant; second, pursuant to General Business Law § 396-u (7) and § 349 (h), the court finds that defendant intentionally and wilfully violated § 396-u and General Business Law § 349. The court trebles plaintiffs actual damages raising plaintiffs recoverable damages to $419.40; third, the court finds that defendant’s misconduct in misrepresenting delivery dates and in failing to comply with all of the requirements of General Business Law § 396-u to be morally culpable (see, e.g., Walker v Sheldon, 10 NY2d 401 [1961]; Gonsalves v Roma Furniture Co., supra, 107 Misc 2d, at 188). It is evident from defendant’s order form disclaimers that it routinely misrepresents delivery dates to consumers. Punitive damages are appropriate and are needed to deter defendant and other retailers from similar misconduct. The court awards plaintiff punitive damages of $50.