■ ANDRE STRISHAK & ASSOCIATES, P.C., et al., Appellants, v HEWLETT PACKARD COMPANY, Respondent. [752 NYS2d 400] —In a class action, inter alia, to recover damages for fraud and violations of General Business Law §§ 349 and 350, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 13, 2001, as granted those branches of the defendants' motion which were to dismiss the first, second, and third causes of action in the complaint, and (2) so much of an order of the same court, dated February 4, 2002, as, in effect, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order dated July 13, 2001, is dismissed, as the portion of the order appealed from was superseded by the order dated February 4, 2002, made upon renewal; and it is further,

Ordered that the order dated February 4, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of cost is awarded to the respondent.

The defendant manufactures and sells inkjet printers and inkjet cartridges for use with its printers. The defendant manufactures two different-size cartridges, a "large" size and an "economy" size. The economy-size cartridges contain approximately half the amount of ink as the large size.

Before 1998 the defendant provided large-size cartridges with the purchase of each low-end inkjet printer. In 1998 the defendant ended its practice of providing large-size cartridges with each low-end inkjet printer and only provided economy-size cartridges with the printers. That same year, the plaintiffs *purch*ased low-end inkjet printers, which included economy-size cartridges.

The plaintiffs, on behalf of themselves and others similarly

situated, commenced this class action against the defendant, asserting, inter alia, causes of action alleging fraud and violations of General Business Law §§ 349 and 350. The plaintiffs allege, inter alia, that the defendant represented to consumers that ink cartridges were included with the purchase of printers, and concealed the fact that the cartridges were only one-half filled with ink. Further, the plaintiffs allege, inter alia, that they were forced to purchase replacement ink cartridges at "exorbitant and marked up prices" due to the defendant's monopoly position in the replacement ink cartridge market. The Supreme Court concluded, inter alia, that the plaintiffs failed to establish that the defendant's conduct constituted a misrepresentation.

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must determine whether the allegations in the complaint set forth a cause of action (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The allegations of the complaint are to be liberally construed in the light most favorable to the plaintiff, and the allegations therein are presumed to be true (*see Rovello v Orofino Realty Co.,* 40 NY2d 633, 634).

General Business Law § 349 prohibits deceptive business practices. The elements of such a cause of action are: (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act (*see Stutman v Chemical Bank,* 95 NY2d 24, 29; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25). In determining whether a representation or omission is a deceptive act, the test is whether such act is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra* at 26).

General Business Law § 350 prohibits false advertising. A plaintiff must demonstrate that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury (*see Scott v Bell Atl. Corp.,* 282 AD2d 180, 183-184, *mod on other grounds* 98 NY2d 314). Similarly, the test is whether the advertisement is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra* at 26; *Scott v Bell Atl. Corp., supra* at 184).

The boxes containing the printers indicated only that ink cartridges were included with the purchase. In addition, the defendant did not provide any description with respect to the amount of ink contained in the cartridge. Nor was there any

specific language regarding the size or description of the cartridges on the boxes or in the advertisements. The defendant did not engage in a deceptive act by representing that the cartridges were included with the purchase of each printer without disclosing that they were economy-size cartridges. Accordingly, the causes of action for violations of General Business Law §§ 349 and 350 were properly dismissed since the complaint failed to allege an act or practice that was misleading in a material respect (*see Scott v Bell Atl. Corp., supra*). Further, the General Business Law § 350 cause of action also was properly dismissed since the plaintiffs failed to show that they relied upon or were aware of the allegedly false advertisement when purchasing the printers (*see McGill v General Motors Corp.,* 231 AD2d 449, 450).

In addition, the fraud cause of action was properly dismissed since the plaintiffs failed to allege with specificity the contents of the allegedly false representation (*see* CPLR 3016 [b]; *Masada Universal Corp. v Goodman Sys. Co.,* 121 AD2d 518).

The plaintiffs' remaining contention is without merit. Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.