HOME & NATURE INC., Plaintiff,

v.

SHERMAN SPECIALTY COMPANY, INC., Defendant.

No. 04 CV 0075(ADS)(WDW).

United States District Court, E.D. New York.

June 22, 2004.

Schweitzer Cornman Gross & Bondell LLP by Jay A. Bondell, Esq., New York City, for Plaintiff.

Myron Amer, Esq, Mineola, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by the defendant Sherman Specialty Company, Inc. ("Sherman" or the "defendant") pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") for a more definite statement of the complaint.

## I. BACKGROUND

On January 9, 2004, Home & Nature Inc. ("H & N" or the "plaintiff") filed an eight-page complaint, with eighteen pages annexed, against the defendant sounding in patent and copyright infringement. In particular, the plaintiff asserts that the defendant infringed on "one or more claims of Plaintiff's design and utility patents" under the provisions of 35 U.S.C. § 271 by "importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items," and that the defendant infringed on "one or more of Plaintiff's copyrights" under the provisions of 17 U.S.C. §§ 106 and 501 by "importing, causing to manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items."

The plaintiff is the owner of intellectual property rights to a series of designs and constructions for increasingly popular "tattoo-like" jewelry chains. The plaintiff owns eight patents regarding its designs and two patents regarding its constructions. The plaintiff includes a list of the eight patent numbers in the complaint and also annexes copies of the cover pages of each of its patents in Exhibits A and B. Each cover page includes, but is not limited to, the patent number, date of patent, names of inventor and assignee, term of years of the patent, a description of the patented product or construction, and a drawing of the product or construction.

By assignment, the plaintiff is also the owner of five copyrights for the jewelry designs, and the complaint includes a list of the five copyright registration numbers issued by the United States. The plaintiff annexes copies of its five United States Certificates of Copyright Registration in Exhibit C. Each copy includes, but is not limited to, the title of the work; the nature of the work; the names of the author and copyright claimants; the nature of authorship; the year in which creation of the work was completed; the date of effective registration; and the official seal of the copyright office of the Library of Congress. The plaintiff also states that each patent and copyright is valid and legally

issued in compliance with the United States Patent and Copyright Laws.

According to the plaintiff, on several occasions, the defendant was placed on notice of, and charged with, violation of its intellectual property rights. Pursuant to a December 2000 Release, the defendant agreed not to interfere with plaintiff's intellectual property rights or to obtain any further tattoo-like jewelry items covered by the plaintiff's rights. The defendant further agreed that, in the absence of a written license agreement, any further activities with respect to goods falling within the scope of the plaintiff's intellectual property rights would be deemed acts of intentional, willful infringement.

However, the plaintiff asserts that, despite these representations, the defendant has, since December 2000, consistently infringed and continues to infringe upon the plaintiff's patents and/or copyrights by manufacturing or having manufactured for it, importing, promoting, displaying, offering for sale and selling tattoo-like jewelry items having substantially the same appearance and construction as jewelry chains covered by one or more of the plaintiff's patents and/or copyrights. The plaintiff asserts that the defendant's products were not obtained from the plaintiff or from any authorized licensee of the plaintiff. The plaintiff annexes a representative sample of the defendant's products in Exhibit D.

The defendant now moves for a more definite statement pursuant to Rule 12(e). The defendant complains that, because the plaintiff refers to and annexes only the cover pages of its construction and design patents in its complaint, the defendant is unable to properly determine whether the protested product infringed on the plaintiff's patents. Therefore, the defendant requests full copies of the plaintiff's utility patents and full copies of the design pat-

ents, so that it may view the "figures" alluded to on the cover sheets of the design patents and thereby ascertain whether its product matches such figures. In addition, the defendant seeks copies of the applications for each Certificate of Copyright Registration, photographs or other appropriate depictions of the monetary deposits received for each listed certificate, and photographs or other appropriate depictions of the jewelry designs listed on each certificate.

## II. DISCUSSION

### A. Standard of Review Pursuant to Rule 12(e)

The parties dispute the standard of review under Rule 12(e). The plaintiff contends that a motion for a more definite statement is available only if "a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" and that a 12(e) motion does not permit the moving party to demand a more comprehensive complaint when the pleadings are otherwise in compliance with Rule 8. In this regard, the plaintiff asserts that, because the defendant does not contend that the complaint is so unintelligible that it is unable to reasonably form a response and does not include any assertions that the complaint failed to comply with Rule 8, the defendant's Rule 12(e) motion must be denied as frivolous. In addition, the plaintiff asserts that the liberal rules of discovery provide the defendant with a more appropriate avenue for securing copies of the plaintiff's patents and depictions of its copyrighted works. The defendant counters that it is "faulty and not responsive" to argue compliance with Rule 12(e) by demonstrating compliance with Rule 8(a). In the Court's view, the defendant misconstrues the purpose of Rule 12(e).

■ An underlying aim of the Federal Rules is " 'to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.' " *Asip v. Nielsen Media Research, Inc.,* No. 03 Civ. 5866, 2004 WL 315269, at *2, 2004 U.S. Dist. LEXIS 2350, at *7 (S.D.N.Y. Feb. 17, 2004) (quoting *Markovic v. New York City Sch. Constr. Auth.,* No. 99 Civ. 10339, 2000 WL 1290604, at *3, 2000 U.S. Dist. LEXIS 13130, at *3 (S.D.N.Y. Sept. 13, 2000)); *Vapac Music Publ'g, Inc., v. Tuff 'n' Rumble Mgmt,* No. 99 Civ. 10656, 2000 WL 1006257, at *6, 2000 U.S. Dist. LEXIS 10027, at *16 (S.D.N.Y July 11, 2000).

Rule 12(e) reads in pertinent part:

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed.R.Civ.P. 12(e).

■ Rule 12(e) is designed to prevent unintelligibility in complaints in order for a party to interpose a responsive pleading. *See id.* Under Rule 8(a), a plaintiff is required only to plead "a short and plain statement of the claim," Fed.R.Civ.P. 8(a), so as to provide a defendant with fair notice of the plaintiff's claim and the grounds upon which it rests, *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, a Rule 12(e) motion should be denied if a complaint comports with the liberal pleading requirements of Rule 8(a). *See Vapac,* 2000 WL 1006257, at *6, 2000 U.S. Dist. LEXIS 10027, at *17 (citing *Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.,* No. 97 Civ. 0056, 1997 WL 598461, at *1, 1997 U.S. Dist. LEXIS 14571, at *2 (S.D.N.Y. Sept. 25, 1997)).

## B. Patent Infringement

■ To state a claim for patent infringement, a plaintiff need only plead facts sufficient to place the defendant on notice of the asserted claim and to ensure that the defendant has adequate knowledge of the facts alleged in order to reasonably form a response. *See Asip,* 2004 WL 315269, at *2, 2004 U.S. Dist. LEXIS 2350, at *8 (quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed.Cir.2000)). A complaint for patent infringement satisfies the above requirements, as well as the limited criteria of Rule 8(a), when the plaintiff: (1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked. *See id.* (internal quotations and citations omitted).

■ As to the first element, the plaintiff states that it is the owner of eight United States Patents issued for its designs and two United States Patents issued for its constructions. The plaintiff further lists the patent numbers issued by the United States for its patents and annexes to the complaint the cover pages of the United States Patents. Thus, the plaintiff sufficiently pleads ownership of the asserted patents and satisfies the first element. The plaintiff also effectively pleads the second element by identifying the individual defendant in the complaint.

■ The third element, "the patent that is allegedly infringed," may be shown by citing "the patents by number." *digiGAN v. iVALIDATE, Inc.,* No. 02 Civ. 420, 2004 U.S. Dist. LEXIS 1324, at *12 (S.D.N.Y. Feb. 3, 2004). Here, the plaintiff specifically lists the patent numbers

issued by the United States for each of its ten patents and thereby satisfies the third element. With regard to the fourth element, the plaintiff states that the defendant infringes on its patents by "importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items." This description adequately explains the manner in which the defendant allegedly infringes.

As to the fifth and final element, the plaintiff sufficiently identifies the specific section of the patent law invoked as 35 U.S.C. § 271. Accordingly, the plaintiff has sufficiently plead the five required elements of patent infringement in compliance with Rule 8. Thus, a more definite statement of the plaintiff's patent infringement claim is not required.

## C. Copyright Infringement

The Court next examines whether the plaintiff has plead the elements of copyright infringement in accordance with Rule 8(a). A complaint alleging copyright infringement sufficiently complies with Rule 8(a) when the plaintiff asserts: " '(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright.' " *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01 Civ. 2821, 2002 WL 1997926, at *1, 2002 U.S. Dist. LEXIS 16136, at *3–4 (S.D.N.Y. Aug. 28, 2002) (quoting *Plunket v. Doyle*, 99 Civ. 11006, 2001 WL 175252, at *4, 2001 U.S. Dist. LEXIS 2001, at *4 (S.D.N.Y. Feb. 22, 2001)), *see also Mahnke v. Munchkin Prods. Inc.*, No. 99 Civ. 4684, 2001 U.S. Dist. LEXIS 7558, at *6 (S.D.N.Y. Mar. 29, 2001).

To plead the first element, the plaintiff is not required to assert exactly which individual elements of the copyrighted works were infringed. *See id.* at *5 (citing *Tin Pan Apple v. Miller Brewing Co.*, 737 F.Supp. 826, 828 (S.D.N.Y.1990)) (denying motion to dismiss for where complaint alleged that defendants copied "one or more" of plaintiff's copyrighted works; "the precise meaning of 'one or more' may be explored on discovery"). By listing the copyright registration numbers issued by the United States that correspond to each of its copyrighted jewelry designs, annexing copies of the United States Certificates of Copyright Registration, and stating that the defendant has infringed upon one or more of these copyrights, the plaintiff satisfies the first element.

Also, the plaintiff satisfies the second element by asserting ownership of five copyrights in the complaint, listing the copyright registration numbers, and annexing copies of the five copyright registrations. In addition, the third element is satisfied because the plaintiff states that it has "duly and legally complied in all respect with the provisions of the Copyright Laws of the United States and [has] secured the exclusive rights and privileges in and to tattoo-like designs granted pursuant to the Copyright Laws." Moreover, the annexed copies of the plaintiff's Certificates of Copyright Registration each include a paragraph stating that the certificate is "issued under the seal of the Copyright Office in accordance with title 17, United States Code."

Further, the fourth element is satisfied because the plaintiff states that the defendant has, since December 2000, infringed and continues to infringe "one or more" of its copyrights by "importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items." This statement adequate-

ly puts the defendant on notice as to which acts form the basis of the plaintiff's claim and during which times the acts have allegedly taken place. Thus, the Court finds the plaintiff has plead each of the elements of copyright infringement in accordance with Rule 8(a). Therefore, a more definite statement with regard to the copyright infringement claim is unnecessary. Accordingly, because the plaintiff has properly plead both the elements of patent infringement and the elements of copyright infringement, the defendant's motion for a more definite statement pursuant to Rule 12(e) is denied.

In sum, it appears that, based on a review of the defendant's papers, the primary purpose of the defendant's motion is to obtain more detailed copies of the plaintiff's patents and copyrights so as to scrutinize the appearance and construction of the plaintiff's products as well as to secure additional evidence of the plaintiff's ownership of the copyrights. The Court notes that Rule 12(e) is not the proper vehicle to resolve problems of uncertainty arising due to want of specificity or lack of detail. *See Asip*, 2004 WL 315269, at *2, 2004 U.S. Dist. LEXIS 2350, at *7. Such problems are appropriately resolved by discovery, not by an order. *See id.*

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendant's motion for a more definite statement of the complaint pursuant to Rule 12(e) is **DENIED.**

**SO ORDERED.**