Ashley **PELMAN**, a child under the age of 18 years, by her Mother and Natural Guardian Roberta **PELMAN**, Roberta Pelman, Individually, Jazlyn Bradley, a child under the age of 18 years, by her Father and Natural Guardian Israel Bradley, and Israel Bradley, Individually, Plaintiffs,

v.

**MCDONALD'S CORPORATION,** Defendant.

No. 02 Civ. 7821(RWS).

United States District Court, S.D. New York.

Oct. 24, 2005.

Samuel Hirsch & Associates by Samuel Hirsch, New York City, for Plaintiffs.

Winston & Strawn by Thomas J. Quigley, Bradley E. Lerman, Bruce R. Braun, Scott P. Glauberman, New York City, for Defendant.

*OPINION*

SWEET, District Judge.

Defendant McDonald's Corporation ("McDonald's") has moved pursuant to Rule 12(e) for a more definite statement of the plaintiffs' amended complaint filed on February 19, 2003.

For the reasons set forth below, the motion for a more definite statement is granted in part and denied in part.

### Prior Proceedings

The plaintiffs commenced suit by filing their initial complaint on August 22, 2002 in the Supreme Court of the State of New York, Bronx County. Defendant removed the action to the Southern District of New York on September 30, 2002. By opinion of January 22, 2003, this Court dismissed the original complaint, but granted leave to amend the complaint within 30 days in order to address the deficiencies listed in the opinion. *See Pelman v. McDonald's Corp.*, 237 F.Supp.2d 512 (S.D.N.Y.2003) (*"Pelman I"*).

On February 19, 2003, plaintiffs filed an amended complaint, and McDonald's moved to dismiss. By opinion of September 4, 2003, *see Pelman v. McDonald's*, No. 02 Civ. 7821(RWS), 2003 WL 22052778, 2003 U.S. Dist. LEXIS 15202 (S.D.N.Y.2003) (*"Pelman II"*), this Court again dismissed the complaint, and leave to amend the complaint was denied.

The plaintiffs appealed the dismissal to the Second Circuit. By opinion dated January 25, 2005, *see Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir.2005) ("the January 25 Opinion"), the Second Circuit vacated this Court's dismissal and remanded the case for further proceedings consistent with the opinion. The remand was filed in this court on February 24, 2005.

In *Pelman III*, plaintiffs challenged the dismissal of Counts I–III of their amended complaint. These counts allege that McDonald's engaged in deceptive practices in violation of New York General Business Law § 349. Specifically, Count I alleges that the combined effect of McDonald's various promotional representations was to create the false impression that its food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily. Count II alleges that McDonald's failed adequately to disclose that its use of certain additives and the manner of its food processing rendered certain of its foods substantially less healthy than represented. Count III alleges that McDonald's deceptively represented that it would provide nutritional information to its New York customers when in reality such information was not readily available at a significant number of McDonald's outlets in New York. The Second Circuit held that Counts I–III alleged claims under GBL § 349 sufficient for Rule 8(a). *See Pelman*, 396 F.3d at 512. Familiarity with the factual and procedural history set forth in the three of these opinions is presumed.

On February 15, 2005, defendant, following the suggestion by the Court of Appeals contained in *Pelman III*, brought a motion pursuant to Rule 12(e) for a more definite statement of plaintiffs' claims. The motion was heard and considered fully submitted on May 11, 2005.

### The Rule 12(e) Standard

 Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) applies only in limited circumstances:

> The pleading must be sufficiently intelligible for the district court to make out one or more potentially viable legal theories on which the claimant might proceed; in other words, the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 311 (3d ed.2004) (footnote omitted); see Humpherys v. Nager, 962 F.Supp. 347, 352–53 (E.D.N.Y.1997) ("A 12(b)(6) motion is one made for a failure to state a claim, while a 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint."); but compare Home & Nature Inc. v. Sherman Specialty Co., 322 F.Supp.2d 260, 265 (E.D.N.Y.2004) ("Rule 12(e) motion should be denied if a complaint comports with the liberal pleading requirements of Rule 8(a).") (collecting cases). In addition, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y.1992).

Rule 12(e) also directs the moving defendant to "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). Accordingly, McDonald's asks this Court to require each plaintiff to: (1) identify each advertisement or statement about which she is complaining; (2) explain briefly why it is materially deceptive to an objective consumer; (3) confirm the plaintiff saw or heard it in New York before the lawsuit began; and (4) describe briefly how it injured the plaintiff.

### Discussion

The Second Circuit held in Pelman III that plaintiffs sufficiently alleged a GBL § 349 claim of deceptive and misleading practices pursuant to the notice pleading requirements of Rule 8(a). Pelman III, 396 F.3d at 512 ("So far as the § 349 claims are concerned, the amended complaint more than meets the requirements of Rule 8(a)."). To the extent that plaintiffs' allegations are vague and conclusory, the Second Circuit strongly suggested that "the cure for such deficiencies, in a claim not required to be plead with particularity, is a motion for a more definite statement under Rule 12(e)." Id. at 512 n. 5. Accordingly, the only issues confronting this Court surround the second half of the Rule 12(e) analysis, namely: (1) whether the allegations are so unintelligible that McDonald's cannot reasonably be expected to respond to them; and (2) if so, what details are necessary for McDonald's to respond. See, e.g., Agilent Techs., Inc. v. Micromuse, Inc., No. 04 Civ. 3090(RWS), 2004 WL 2346152, 2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. Oct. 19, 2004).

 Defendant's arguments in support of the requested specifications focus primarily on the elements necessary to state a claim for deceptive practices under § 349. Section 349 of New York General Business Law makes unlawful "deceptive acts or practices in the conduct of any

business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. L. § 349. To state a claim for deceptive practices under section 349, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive act, practice, or advertisement. *See, e.g., Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000); *St. Patrick's Home for Aged and Infirm v. Laticrete Intern., Inc.,* 264 A.D.2d 652, 655, 696 N.Y.S.2d 117, 122 (1st Dep't 1999); *BNI N.Y. Ltd. v. DeSanto,* 177 Misc.2d 9, 14, 675 N.Y.S.2d 752, 755 (1998). *See also Berrios v. Sprint Corp.,* 1998 WL 199842, at *1, 1998 U.S. Dist. LEXIS 6579, at *3 (E.D.N.Y. March 16, 1998). The standard for whether an act or practice is misleading is objective, requiring a showing that a reasonable consumer would have been misled by the defendant's conduct. *Marcus v. AT&T,* 138 F.3d 46, 64 (2d Cir.1998); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 533, 647 N.E.2d 741 (1995). Omissions, as well as acts, may form the basis of a deceptive practices claim. *Stutman,* 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (citing *Oswego Laborers,* 85 N.Y.2d at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (delineating different inquiry in case of claim of deceit by omission)). Further, traditional showings of reliance and scienter are not required under GBL § 349. *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,* 178 F.Supp.2d 198, 231 (E.D.N.Y.2001) (Weinstein, J.).

In support of its motion, McDonald's argues that plaintiffs must identify each advertisement or practice because GBL § 349 requires that claims be based on a "specific advertisement or public pronouncement" Def. Rep. Mem. 5 (*quoting Small v. Lorillard Tobacco Co.,* 252 A.D.2d 1, 8–9, 679 N.Y.S.2d 593 (1st Dep't 1998)). Defendant also argues that plaintiffs must elucidate how the representations of which they complain are materially misleading to an objective consumer. Def. Mem. 6. Further, defendant claims that plaintiffs must have seen the representation at issue because "New York courts have repeatedly held that a court must dismiss a section 349 claim based on an advertisement or statement never seen by the plaintiff." Def. Mem. 6 (citing *Andre Strishak & Assocs. v. Hewlett Packard Co.,* 300 A.D.2d 608, 609, 752 N.Y.S.2d 400, 403 (2d Dep't 2002)). Finally McDonald's contends that plaintiffs must specify, for each advertisement or statement, the nature of the injury it caused, namely, whether it: "(1) led them to eat McDonald's food when they otherwise would not have, (2) led them to eat more McDonald's food than they otherwise would have, (3) led to obesity or an obesity-related disease, or (4) something else entirely." Def. Mem. 8.

In *Pelman III* it was held that the amended complaint is "more than sufficient," thus determining that the elements of a section 349 claim have been sufficiently laid out. However, the tension laid out in *Agilent* remains, and there are circumstances under which allegations constitute a cognizable legal theory, but cannot reasonably be responded to by a defendant.

■■■■ A motion for a more definite statement should not be used to superimpose the heightened pleading requirements of Rule 9(b) on a cause of action, like the one involved here, which is subject only to the notice-pleading requirements of Rule 8(a). Claims subject to the stricter pleading standards of Rule 9(b) must specify: (1) those statements the plaintiff thinks

were fraudulent; (2) the speaker; (3) where and when the statements were made; and (4) why plaintiff believes the statements were fraudulent. *See, e.g., Koehler v. Bank of Berm. (N.Y.) Ltd.,* 209 F.3d 130, 136 (2d Cir.2000). As the Second Circuit specifically noted in *Pelman III,* a GBL § 349 claim for deceptive practices is not subject to Rule 9(b) pleading requirements. *Pelman III,* 396 F.3d at 511. It would be inappropriate for plaintiffs to be held to that standard under the guise of a motion for a more definite statement. As such, only where the absence of information that would be required under Rule 9(b) renders the complaint unintelligible is it appropriate to require plaintiff to provide it.

With respect to the first detail desired by defendant—identification of each advertisement or statement about which each plaintiff is complaining—a general allegation of deception states a claim under GBL § 349. *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris Inc.,* 178 F.Supp.2d 198 (2001) (holding defendant's marketing scheme over the course of several decades actionable under GBL § 349); *Gaidon v. Guardian Life Insurance Company of America,* 94 N.Y.2d 330, 704 N.Y.S.2d 177, 725 N.E.2d 598 (1999) (holding defendant's "extensive marketing schemes" actionable under GBL § 349). However, the absence of information as to the specific advertisements at issue renders plaintiffs' complaint vague and conclusory. Without information as to which of McDonald's representations comprised the nutritional schemes alleged to have injured the plaintiffs, McDonald's can neither admit, nor in good faith deny, the Consumer Protection Act violations. Therefore, with respect to the first detail requested by the defendant, the motion is granted. Plaintiffs are hereby ordered to identify the advertisements that collectively amount to the alleged deceptive nutritional schemes.

Similarly, with respect to the second detail requested—a brief explanation of why the advertisements are materially deceptive to an objective consumer—defendant cannot be expected to respond to the plaintiffs' allegations if it is not apprised of the alleged deception. While plaintiffs have sufficiently pled this element of GBL § 349 for the purposes of Rule 8(a), *see Pelman III,* 396 F.3d at 512, the general allegation of objective deception renders the claims vague and conclusory under the present facts. Just as defendant cannot reasonably admit nor deny that its practices were misleading if they don't know which ads comprised the alleged deceptive nutritional scheme, they too cannot do so if not given notice of why plaintiffs' allege nutritional schemes were objectively deceptive to consumers.

As for the third detail desired by the defendant—that plaintiffs confirm that they saw or heard each advertisement in New York before the lawsuit began—plaintiffs have sufficiently alleged causation. *See Pelman III,* 396 F.3d at 511–12. As the court noted in *Pelman III,* reliance is not a necessary element of a GBL § 349 claim. *Id.* (noting that "New York courts, in keeping with the prophylactic purposes of § 349 . . . required that a plaintiff seeking to recover under § 349 show only that the practice complained of was objectively misleading or deceptive and that he had suffered injury 'as a result' of the practice." (quoting *Stutman,* 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608)). Defendant's argument for this more particular information rests on its contention that "New York decisions have repeatedly held that a court must dismiss a section 349 claim based on an advertisement or statement never seen by the plaintiffs." Def. Mem. 6. As noted, however, the amended

## 446

complaint has already been upheld on a motion to dismiss as having adequately alleged the elements of a GBL § 349 claim. Defendant has failed to show, and this Court fails to see, that the absence of this information makes the complaint vague and conclusory such that defendant cannot interpose a response in good faith. Accordingly, plaintiffs need not confirm that each plaintiff saw or heard each advertisement. However, in accordance with GBL § 349's requirement that plaintiffs' injuries be "by reason of" defendant's conduct, see *Stutman*, 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608, plaintiffs must provide a brief explanation of how plaintiffs were aware of the nutritional schemes they allege to have been deceptive.

 As for the fourth detail requested by defendant—a description of how each advertisement injured the plaintiffs—defendant's argument again rests on the elements necessary to state a claim under GBL § 349. As noted, schemes of deception are actionable under GBL § 349. *See Blue Cross & Blue Shield of N.J.*, 178 F.Supp.2d 198; *Gaidon*, 94 N.Y.2d 330, 704 N.Y.S.2d 177, 725 N.E.2d 598. Plaintiffs' claims in this case are based upon just such a deceptive scheme,[1] which the Second Circuit held sufficient for Rule 8(a) notice pleading. *See Pelman*, 396 F.3d at 511–12. Not only has this additional information been held unnecessary to state a claim under GBL § 349, defendant has failed to show that its inclusion is necessary to interpose a responsive pleading. Therefore, plaintiffs need not provide information as to how each advertisement injured each plaintiff. Plaintiffs must, however, outline the injuries that were suffered by each plaintiff "by reason of" defendant's alleged deceptive nutritional scheme. N.Y. Gen. Bus. L. § 349.

### Conclusion

The defendant's motion is granted and the plaintiffs are hereby ordered to provide a more definite statement of their claims, which is to include the following: (1) identification of the advertisements about which the plaintiffs are complaining; (2) a brief explanation of why the advertisements are materially deceptive to an objective consumer; (3) a brief explanation of how the plaintiffs were aware of the acts alleged to be misleading; and (4) a brief description of the injuries suffered by each plaintiff by reason of defendant's conduct.

It is so ordered.

---

1. The scheme alleged is comprised of advertisements and statements made and/or published by defendant, but plaintiffs have not alleged that each and every advertisement that comprises a part of this scheme in and of itself amounts to a deceptive practice under GBL § 349.