Ashley PELMAN, a child under the age of 18 years, by her Mother and Natural Guardian Roberta Pelman, Roberta Pelman, Individually, Jazlyn Bradley, a child under the age of 18 years, by her Father and Natural Guardian Israel Bradley, and Israel Bradley, Individually, Plaintiffs,

v.

MCDONALD'S CORPORATION, Defendant.

No. 02 Civ. 7821(RWS).

United States District Court, S.D. New York.

Sept. 16, 2006.

Samuel Hirsch & Associates, New York, NY (Samuel Hirsch, of counsel), for Plaintiffs.

Winston & Strawn, New York, NY (Thomas J. Quigley, Bradley E. Lerman, Bruce R. Braun, Scott P. Glauberman, of counsel), for Defendant.

## OPINION

SWEET, District Judge.

Defendant McDonald's Corporation ("McDonald's" or the "Defendant") has moved pursuant to Rules 12(e) and 41(b), Fed.R.Civ.P., to strike and dismiss the Second Amended Complaint (the "SAC") of plaintiffs Ashley Pelman and putative class members (the "Plaintiffs").

For the reasons set forth below, the motion to strike is granted in part and denied in part.

### Prior Proceedings

The Plaintiffs commenced suit by filing their initial complaint on August 22, 2002, in the Supreme Court of the State of New York, Bronx County. Defendant removed the action to the Southern District of New York on September 30, 2002. By opinion of January 22, 2003, this Court dismissed the original complaint, but granted leave to amend the complaint within 30 days, in order to address the deficiencies listed in the opinion. *See Pelman v. McDonald's Corp.*, 237 F.Supp.2d 512 (S.D.N.Y.2003) (*"Pelman I"*).

On February 19, 2003, Plaintiffs filed an amended complaint, and McDonald's moved to dismiss. By opinion of September 4, 2003, *see Pelman v. McDonald's*, No. 02 Civ. 7821(RWS), 2003 WL 22052778, 2003 U.S. Dist. LEXIS 15202 (S.D.N.Y.) (*"Pelman II"*), this Court again dismissed the complaint, and leave to amend the complaint was denied.

Plaintiffs appealed the dismissal to the Second Circuit. By opinion dated January 25, 2005, *see Pelman v. McDonald's Corp.*, 396 F.3d 508 (*"Pelman III"*), the Second Circuit vacated this Court's dismissal and remanded the case for further proceedings consistent with the opinion. The remand was filed in this court on February 24, 2005.

On February 15, 2005, McDonald's brought a motion pursuant to Rule 12(e), Fed.R.Civ.P., for a more definite statement of Plaintiffs' claims. By opinion dated October 24, 2005, McDonald's motion was granted in part and denied in part. *See Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439 (*"Pelman IV"*). On December 12, 2005, Plaintiffs filed the SAC in which they allegedly addressed the deficiencies identified in *Pelman IV*. On January 18, 2006, McDonald's moved to strike and dismiss the SAC on the grounds that it fails to provide a more definite state-

ment of Plaintiffs' claims in the respects so ordered in *Pelman IV*. McDonald's also urges the Court to limit Plaintiffs' case to the advertisements identified in the SAC and to strike that portion of the SAC that alludes to other allegedly deceptive advertisements. Finally, McDonald's has moved to strike all portions of the complaint that refer to advertisements that McDonald's contends cannot conceivably be read as objectively misleading.

McDonald's filed the instant motion on February 18, 2006. The motion was heard and marked fully submitted on March 29, 2006.

### Facts

In this diversity action, Plaintiffs allege that McDonald's engaged in a scheme of deceptive advertising in violation of New York General Business Law § 349 during the years 1987 to 2002. The facts underlying the Plaintiffs' complaint have been outlined extensively by this Court and by the Second Circuit in *Pelman I, Pelman II*, and *Pelman III*, familiarity with which is assumed.

Count I alleges that the combined effect of McDonald's various promotional representations was to create the false impression that its food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily. Count II alleges that McDonald's failed to adequately disclose that its use of certain additives and the manner of its food processing rendered certain of its foods substantially less healthy than represented. Count III alleges that McDonald's deceptively represented that it would provide nutritional information to its New York customers when in reality such information was not readily available at a significant number of McDonald's outlets in New York. The Second Circuit held that Counts I–III alleges claims under New York General

Business Law § 349 sufficient for Rule 8(a). *See Pelman III*, 396 F.3d at 512.

In *Pelman IV*, this Court ordered the Plaintiffs to provide a more definite statement of their claims, including:

> (1) identification of the advertisements about which the plaintiffs are complaining; (2) a brief explanation of why the advertisements are materially deceptive to an objective consumer; (3) a brief explanation of how the plaintiffs were aware of the acts alleged to be misleading; and (4) a brief description of the injuries suffered by each plaintiff by reason of defendant's conduct.

*Pelman IV*, 396 F.Supp.2d at 446.

Plaintiffs filed the SAC on December 15, 2005. In accordance with the first directive above, the SAC identifies a number of advertisements being claimed as part of the Defendant's deceptive practices. Additionally, the SAC outlines why the advertisements are objectively deceptive. In response to the third requirement, the SAC alleges that Plaintiffs were aware of McDonald's deceptive practices through their exposure to the advertisements and statements annexed to their pleading and that such statements were disseminated in the specified fora of: television, radio, internet, magazine, periodical, in-store poster advertisements, and press releases issued in New York State from 1985 and continuing through filing in 2002. The SAC also alleges that the Plaintiffs' beliefs were affected through their contact and interaction with third-parties, i.e., parents, friends, and relatives, who were influenced by McDonald's allegedly misleading nutritional advertisements.

With respect to a more definite statement of the injuries suffered by Plaintiffs, the SAC alleges that each named Plaintiff was injured as a result of Defendant's practices, in the following respects:

> obesity, elevated levels of Low–Density Lipoprotein, or LDL, more commonly known as "bad" cholesterol, significant or substantial increased factors in the development of coronary heart disease, pediatric diabetes, high blood pressure, and/or other detrimental and adverse health effects and/or diseases as medically determined to have been causally connected to the prolonged use of Defendants products ...

SAC ¶¶ 558, 564, 570, 576, 582, 588, 594, 600, 617, 623, 629, 635, 641, 647, 653, 659.

### *Applicable Standards*

Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Under Rule 12(e), if a "motion [for a more definite statement] is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion [for a more definite statement] was directed or make such order as it deems just." Fed.R.Civ.P. 12(e).

Rule 41(b), Fed. R. Civ. P, provides for the dismissal of an action for "failure of a plaintiff ... to comply with ... any order of court." The Second Circuit has cautioned that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)). As such, the following factors are to be considered by the district court prior to dismissing a

case for failure to comply with a court order:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.; accord LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (citing *Alvarez,* 839 F.2d at 932).

### Discussion

Defendants contend that the SAC fails to comply with this Court's Rule 12(e) order and that therefore the SAC should be stricken and/or dismissed in accordance with Rules 12(e) and 41(b), respectively. First, McDonald's contends that the SAC fails to provide a brief explanation of how each Plaintiff became aware of the alleged deceptive advertisements, as ordered in *Pelman IV. See Pelman IV,* 396 F.Supp.2d at 446. Second, McDonald's contends that the Plaintiffs have failed to comply with the Court's order in that the SAC fails to describe briefly the injuries each Plaintiff allegedly suffered. *Id.* Third, McDonald's seeks to limit this case to the allegedly deceptive advertisements specifically identified in the SAC. Finally, McDonald's seeks to limit Plaintiffs' case to only those advertisements identified that McDonald's contends have been properly alleged as objectively unreasonable.

### A. *Plaintiffs Have Sufficiently Described How They Were Aware of the Nutritional Schemes Alleged to be Deceptive*

█ McDonald's first contention is that the Plaintiffs have not complied with the

Court order that they "provide ... a brief explanation of how the plaintiffs were aware of the acts alleged to be misleading." According to Defendant, the allegations that the Plaintiffs "were aware" of the alleged acts "through recent exposure ... disseminated in various ... forms of media" and through "contact and communication with ... third parties" do not comply with the Court's order because they do not address each Plaintiff separately or outline the specific facts surrounding the Plaintiff(s)' exposure to each advertisement. In essence, McDonald's argues—as it did in its motion for a more definite statement—that Plaintiffs have not alleged that they heard or saw the allegedly deceptive advertisements.

As noted above, the Second Circuit held that Plaintiffs adequately alleged a cause of action under GBL section 349, including the causation element of the GBL section 349 causes of action. Accordingly, as this Court explained in *Pelman IV,* Plaintiffs need not have seen or heard each advertisement, but rather only to have been exposed to them in some manner. Specifically, this Court explained:

> As for the third detail desired by the defendant—that plaintiffs confirm that they saw or heard each advertisement in New York before the lawsuit began— plaintiffs have sufficiently alleged causation. *See Pelman III,* 396 F.3d at 511– 12.... [R]eliance is not a necessary element of a GBL § 349 claim. *Id.* (noting that "New York courts, in keeping with the prophylactic purposes of § 349 ... required that a plaintiff seeking to recover under § 349 show only that the practice complained of was objectively misleading or deceptive and that he had suffered injury 'as a result' of the practice." (*quoting Stutman,* 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608)).

Defendant's argument for this more particular information rests on its contention that "New York decisions have repeatedly held that a court must dismiss a section 349 claim based on an advertisement or statement never seen by the plaintiffs."…. [T]he amended complaint has already been upheld … as having adequately alleged the elements of a GBL § 349 claim. Defendant has failed to show, and this Court fails to see, that the absence of this information makes the complaint vague and conclusory such that defendant cannot interpose a response in good faith. Accordingly, plaintiffs need not confirm that each plaintiff saw or heard each advertisement.

*Pelman IV,* 396 F.Supp.2d at 445–46. As such, in *Pelman IV,* this Court did not order the specificity requested by McDonald's, but rather simply ordered Plaintiffs to provide a brief explanation of how they "were aware of the nutritional schemes they allege to have been deceptive." *See Pelman IV,* 396 F.Supp.2d 439 (2005).

It is concluded that Plaintiffs' SAC complies with this directive. First, Plaintiffs have alleged that they were aware of the advertisements and statements comprising McDonald's allegedly deceptive nutritional scheme through their exposure to certain advertisements and statements annexed to their pleading and that such statements were disseminated in the specified forums of television, radio, internet, magazine, periodical, in-store poster advertisements, and press releases issued in New York State from 1985 through 2002. Additionally, the Plaintiffs alleged that their beliefs were affected through their contact and interaction with third-parties who were exposed to and influenced by McDonald's allegedly misleading advertisements. This information is sufficient to allow Defendant to interpose a response, and Defendant's motion to strike is denied.

**B. *Plaintiffs Have Sufficiently Described the Injuries Each of Them Allegedly Suffered***

Defendant also argues that Plaintiffs have not complied with the portion of *Pelman IV* that ordered Plaintiffs to provide "a brief description of the injuries suffered by each plaintiff by reason of defendant's conduct." *See Pelman IV,* 396 F.Supp.2d at 446. According to McDonald's, the SAC fails to comply with the Court's directive because it provides only a list of potential injuries from overeating, but fails to link particular injuries with a particular plaintiff.

As set forth above, the SAC alleges that Plaintiff Ashley Pelman was injured as a result of McDonald's conduct in the following respects:

> obesity, elevated levels of Low–Density Lipoprotein, or LDL, more commonly known as "bad" cholesterol, significant or substantial increased factors in the development of coronary heart disease, pediatric diabetes, high blood pressure, and/or other detrimental and adverse health effects and/or diseases as medically determined to have been causally connected to the prolonged use of Defendant's products …

SAC ¶ 558. This language appears identically for every Plaintiff in Counts I and II of the SAC. *Id.* ¶¶ 564, 570, 576, 582, 588, 594, 600, 617, 623, 629, 635, 641, 647, 653, 659.

Defendant contends that this language does not comply with the Court's directive as it does not name specific injuries suffered by each Plaintiff and that the boilerplate allegation renders McDonald's incapable of answering the SAC.

Contrary to McDonald's contentions, it is concluded that the SAC outlines the injuries sustained by each Plaintiff in a manner sufficient for McDonald's to answer. Allegations less specific than those outlined above were held adequate to state a cause of action by the Second Circuit. Moreover, while McDonald's conclusorily claims that it does not have information relating to Plaintiffs' injuries sufficient to interpose an answer, they fail to offer specific arguments in support of this contention.

Each of the Plaintiffs has separately alleged that, as a direct result of Defendant's actions, he or she sustained: (1) physical injuries of weight gain, obesity, hypertension, and elevated levels of LDL cholesterol; (2) false beliefs as to the nutritional contents and effects of Defendant's foods; and (3) economic losses in the form of the costs of the Defendant's products that they would not have purchased but for Defendant's misconduct. *Id.* ¶¶ 532–537, 551–554, 556–603.

The SAC also outlines the McDonald's menu items and food portions consumed, the frequency of consumption of the menu items, and the time period of consumption with respect to each Plaintiff. Additionally, each Plaintiff separately alleges that they exceed the Body Mass Index as established by the U.S. Surgeon General, National Institute of Health, Centers for Disease Control, U.S. Food and Drug Administration, and all acceptable scientific medical guidelines for the classification of clinical obesity. *See id.* ¶¶ 13–41. Finally, the SAC details the injuries and costs associated with each Plaintiff's physical injuries. *See id.* ¶¶ 66–87.

These allegations are deemed in compliance with the Court's October 24, 2005 directive and sufficient for McDonald's to answer Plaintiffs' complaint.

### C. Plaintiffs' Case Shall Be Limited to the Advertisements Identified in the SAC

Defendant further contends that Plaintiffs should be limited to the forty advertisements specifically identified in the SAC.

In *Pelman IV,* the Court noted that "the absence of information as to the specific advertisements at issue renders plaintiffs' complaint vague and conclusory." 396 F.Supp.2d at 445. The Court further concluded that "[w]ithout information as to which of McDonald's representations comprised the nutritional schemes alleged to have injured plaintiffs, McDonald's can neither admit, nor in good faith deny, the Consumer Protection Act violations." *Id.* Accordingly, the Court ordered Plaintiffs to "identify the advertisements that collectively amount to the alleged deceptive nutritional schemes." *Id.*

In addition to identifying forty specific allegedly deceptive advertisements, Plaintiffs also openly signal their intention to add "other" advertisements to their case at some later date. SAC ¶ 506. McDonald's contends that the Court's October 24, 2005 directive forecloses Plaintiffs from later identifying additional advertisements and that the SAC's reference to unidentified "other" advertisements leaves McDonald's unable to answer the SAC in full.

It is concluded that Plaintiffs shall be limited to the advertisements identified in the SAC, with leave granted to permit Plaintiffs to amend the SAC with additional advertisements for good cause shown.

### D. The Court Will Not Address the Sufficiency of Plaintiffs' Allegations Under GBL Section 349

Finally, Defendant argues that Plaintiffs have identified only seven advertisements that conceivably could be read as

objectively misleading and urges the Court to limit Plaintiffs' case to these advertisements. With respect to the remaining allegations, Defendant urges the Court to strike portions of the SAC that refer to claims that have already been dismissed by the Court, including references to parents as individual Plaintiffs and McDonald's representation that its french fries are "cholesterol-free," which this Court previously held to be objectively non-deceptive as a matter of law. *Pelman II*, 2003 WL 22052778, at *13. Second, McDonald's argues that Plaintiffs' allegations that certain advertisements are misleading because they mention just one ingredient are as a matter of law not objective misleading. Third, McDonald's challenges Plaintiffs' allegation that McDonald's advertisements contain a hidden message that its products are "healthier-than-in-fact" or that consumers should disregard other aspects of their diets. Fourth, McDonald's contends that its statements that its food is "nutritious" are objectively non-misleading. Finally, McDonald's challenges the legal sufficiency of the portions of the SAC that allege that Plaintiffs were misled due to McDonald's alleged failure to abide by the terms of a 1986 settlement with the Attorneys General of three states, including New York, which allegedly required McDonald's to post certain nutritional and ingredient information about its products.

■ At the outset, it bears noting that Defendant has moved pursuant to Rules 12(e) and 41(b), as set forth above. They have not sought relief under Rule 12(b), and as such, the Court will not address the legal sufficiency of Plaintiffs' claims.

With respect to Defendant's first contention, this Court previously dismissed all claims brought directly by parent co-plaintiffs, finding that the statute of limitations barred their claims. The Plaintiffs did not appeal that holding. *See Pelman III*, 396 F.3d at 509 n. 1 ("in *Pelman II*, the district court dismissed as time-barred the individual claims of the parent co-plaintiffs . . . and plaintiffs have not challenged this determination on appeal."). Plaintiffs have conceded this point. Therefore, the portions of the SAC that refer to the parents individually as Plaintiffs and that state that two parents "purchased and/or consumed the Defendant's products for herself," SAC ¶¶ 15, 25, 29, 33, 37, are hereby stricken.

■ With respect to references in the SAC to Plaintiffs' french fry allegations, this Court previously concluded that "McDonald's representation that its fries are 'cholesterol-free' or contain zero milligrams of cholesterol is . . . objectively non-deceptive." *Pelman II*, 2003 WL 22052778, at *13. Similarly, this Court held that Plaintiffs' allegation with respect to McDonald's Mighty Kids Meal "is mere puffery rather than any claim that children who eat a 'Might[y] Kids Meal' will become mightier." *Pelman*, 237 F.Supp.2d at 530. On appeal, the Second Circuit did not disturb these rulings. As such, these rulings constitute the law of the case, and Plaintiffs are precluded from revisiting these allegations. Accordingly, the portions of the SAC that refer to McDonald's representation that its fries are "cholesterol-free" is hereby stricken.

With respect to Defendant's remaining contentions, McDonald's has not asserted that the challenged allegations render it incapable to interpose an answer, but rather challenges the legal sufficiency of the allegations as not objectively misleading under GBL section 349. Because Defendant did not pursue relief pursuant to Rule 12(b), Fed.R.Civ.P., its challenges as to the deceptiveness of the advertisements al-

leged are not appropriately addressed on this motion.

### Conclusion

As set forth above, McDonald's motion to strike and dismiss the SAC in its entirety is denied. Those portions of the SAC that refer to parents as individual co-plaintiffs shall be stricken, as shall the Plaintiffs' allegations concerning McDonald's "cholesterol-free" french fry representation and McDonald's Mighty Kids Meals. McDonald's is hereby ordered to answer the SAC within thirty days.

It is so ordered.