[907 NYS2d 411]

GLENN REIT, D.D.S., Plaintiff, v YELP!, INC., et al., Defendants.

Supreme Court, New York County, September 2, 2010

714

### APPEARANCES OF COUNSEL

*Holland & Knight, LLP*, New York City (*Richard Raysman* of counsel), for plaintiff. *Cooley Godward Kronish, LLP*, New York City (*Janet L. Cullum* and *Scott J. Pashman* of counsel), for Yelp!, Inc., defendant.

### OPINION OF THE COURT

JANE S. SOLOMON, J.

Plaintiff Glenn Reit, D.D.S. is a dentist practicing on Third Avenue in Manhattan. He sues Yelp!, Inc., the owner and provider of the Web site Yelp.com, and a "John Doe" defendant, identified on Yelp.com as Michael S., for defamation, and he sues Yelp alone for deceptive acts and practices under General Business Law §§ 349 and 350. By motion, he also seeks preliminary relief ordering Yelp to delete from Yelp.com all references to him and his dental practice.

A temporary restraining order was granted pending decision on the motion for a preliminary injunction. Yelp then moved, under CPLR 3211 (a) (7), to dismiss the causes of action pleaded against it on the ground that it is immune from liability under

47 USC § 230, the Federal Communications Decency Act of 1996 (CDA). The motions are decided as follows.

## Facts

Reit alleges that he and his dental practice have been defamed by Michael S., an anonymous poster on Yelp.com, an interactive Web site designed to allow the general public to write, post, and view reviews about businesses, including professional ones such as Reit's, as well as restaurants and other establishments. Yelp solicits and sells advertising on its Web site.

In May of 2009, Yelp.com contained a Web page referencing Reit's practice that included 10 positive reviews. On May 6, 2009, Michael S. posted a negative, and allegedly defamatory, review about Reit's practice, including statements that his office is "small," "old" and "smelly," and "the equipment is old and dirty." Reit claims that the number of people who call for appointments has dropped from 10-15 per day to 4-5 per day as a result of this post.

Reit contacted Yelp in an effort to remove the post. Yelp refused. Instead, Reit claims that Yelp removed all the positive postings on Reit's Yelp.com page and retained only the Michael S. posting.* Reit alleges upon information and belief that this procedure of removing positive reviews and highlighting negative ones is part of Yelp's business model, used as leverage to coerce businesses and professionals into paying for advertising on Yelp.com.

## Discussion

█ Yelp argues that as an interactive computer service, as defined by the CDA, it is immune from liability. Reit counters that Yelp is an information content provider, which may be sued for defamation.

Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" (47 USC § 230 [c] [1]), and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section" (*id.* § 230 [e] [3]).

---

* Subsequently, the Michael S. post was removed from the Yelp Web site, though for a time it was still accessible through the Google.com Internet search engine. This has been remedied, and the Michael S. post is no longer available for view on the Internet.

"Interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server" (47 USC § 230 [f] [2]). An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the internet or any other information computer service" (47 USC § 230 [f] [3]).

Through the CDA, Congress granted interactive computer services immunity from liability for publishing false or defamatory material so long as the information was provided by another party. Similarly, "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred" (*Shiamili v Real Estate Group of N.Y., Inc.*, 68 AD3d 581, 582 [1st Dept 2009], quoting *Zeran v America Online, Inc.*, 129 F3d 327, 330 [4th Cir 1997], *cert denied* 524 US 937 [1998]). However, an interactive computer service is liable for its own speech, or when it "develops" information (*Shiamili*, 68 AD3d at 583).

While Reit admits that Yelp is an interactive computer service, he maintains that the CDA does not immunize it from defamation here because its removal of posts was not editorial, but business related. Specifically, Reit argues that the selective removal of all of his positive reviews was more than the action of an editor "simply selecting material for publication." This distinction, Reit argues, makes Yelp an information content provider.

*Shiamili* is analogous to the present matter. In *Shiamili*, the plaintiff sued an interactive computer service for defamation based on information published on its Web site. The complaint alleged that the defendants "choose and administer content" that appears on the Web site (68 AD3d at 583). Shiamili argued that the defendants "engaged in a calculated effort to encourage, keep and promote 'bad' content on the Web site" (*id*). The First Department held that this allegation does not raise an inference that defendants were information content providers within the meaning of the CDA because "message board postings do not cease to be data provided by another information content provider merely because the construct and operation of the Web site might have some influence on the content of the postings" (*id*. at 583 [internal quotation marks omitted]).

Here, Yelp is an interactive computer service. The allegedly defamatory content was supplied by a third-party information

content provider and consisted of a message board posting. That Yelp allegedly uses "bad" posts in its marketing strategy does not change the nature of the posted data. Moreover, Yelp's selection of the posts it maintains on Yelp.com can be considered the selection of material for publication, an action "quintessentially related to a publisher's role" (*Green v America Online [AOL]*, 318 F3d 465, 471 [3d Cir 2003], *cert denied* 540 US 877 [2003]). Accordingly, Yelp may not be considered an information content provider, so that Reit's defamation claims are barred by the CDA.

The CDA protects Yelp from liability for defamation, but does not contemplate protecting Yelp's usage of that speech as leverage in its business model. Therefore, Reit's fourth cause of action must be examined separately.

■ Reit alleges there that Yelp "provides deceptive terms on their [*sic*] website that encourages both business consumers/ users and individual consumers/users of the site to believe that the reviews they consume are not manipulated by Yelp" (complaint ¶ 73), and that these acts constitute deceptive acts and practices in violation of General Business Law §§ 349 and 350.

In this cause of action, Reit alleges, on information and belief, the following:

"Yelp solicits advertising from businesses listed on the Yelp website at a cost of $300 a month or more" (complaint ¶ 34);

"Yelp's sales force uses negative reviews on the website as leads for new advertising business" (*id.* ¶ 35);

"Yelp sales representatives orally tell business owners that if the business owner commits to pay for advertising, the Yelp sales representative will assist in deleting a number of troubling negative reviews . . . if a business owner does not sign up for advertising, Yelp deletes positive reviews and retains negative reviews of that business owner" (*id.* ¶ 36);

"On Yelp's 'Business Owner's Guide' . . . Yelp states that 'We remove the guesswork by screening out reviews that are written by less established users. The process is entirely automated to avoid human bias' " (*id.* ¶ 38);

"[T]he system is not 'entirely automated' and Yelp manipulates the review" (*id.* ¶ 38).

Reit argues that Yelp deceives the consumer public because it represents that its review pages are ordered, reviewed and removed by a computer algorithm, and not manipulated by

people, and that this constitutes a materially misleading representation. In support of these assertions, he provides statements from other business owners who claim to have been manipulated as he described, and references class-action lawsuits against Yelp of which he is not a member. Notably, he does not allege that he was a victim of the conduct he complains about.

General Business Law § 349 (a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." General Business Law § 350 covers false advertising, and the elements of this claim are identical to those for deceptive acts and practices under General Business Law § 349 (*see Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608 [2d Dept 2002]). The statutes confer a private right of action to "any person who has been injured by reason of any violation of this section" (General Business Law § 349 [h]). A plaintiff need not be a consumer or someone standing in the shoes of a consumer to have an actionable claim (*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 344 F3d 211, 218 [2d Cir 2003]).

To plead a deceptive act or practice, a plaintiff must allege "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621 [2009]). The deceptive conduct must be misleading to a reasonable consumer (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]), and the injury must be an actual injury, though not necessarily pecuniary (*Stutman v Chemical Bank*, 95 NY2d 24 [2000]).

Reit seems to contend that Yelp's alleged manipulation of posts deceived persons seeking a dentist such as himself, and his damage is said to be lost business. In support, he refers to the text of Yelp's business owner's guide, described above. This statement by Yelp, however, is not addressed to those individual consumers seeking dentists; rather, it addresses business owners. Yelp's statement is not materially misleading to a reasonable consumer seeking dentistry, and is not a deceptive practice. Similarly, Reit's allegation that Yelp deletes postings for the purpose of selling advertising, if true, is business conduct, not consumer-oriented conduct. Accordingly, the motion to dismiss the fourth cause of action must be granted. The application for injunctive relief also fails.

For the foregoing reasons it hereby is ordered that Reit's motion for a preliminary injunction is denied and the temporary restraining order is vacated upon entry hereof; and it further is ordered that the motion of defendant Yelp!, Inc. to dismiss the complaint against it is granted, and the Clerk is directed to enter judgment accordingly, with costs and disbursements as taxed, and to sever and continue the claims against Michael S.